424 So.2d 370 (1982)
Taufiq A. KHALED, Plaintiff-Appellant,
v.
Virginia Morphis Evans KHALED, Defendant-Appellee.
No. 15073-CA.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1982.
*371 Law OfficesPat Wright by Patrick H. Wright, Jr., Monroe, for plaintiff-appellant.
Jones, Jones & Jones Law Offices by Benjamin Jones, Monroe, for defendant-appellee.
Before HALL, JASPER E. JONES and NORRIS, JJ.
JASPER E. JONES, Judge.
Taufiq A. Khaled appeals adverse judgments in the ancillary proceedings to his action for a separation from bed and board. We affirm.
Appellant sets out seven assignments of error. He contends that the trial judge erred in:
1) failing to dissolve a temporary restraining order which did not comply with C.C.P. arts. 3605 and 3610;
2) failing to dissolve a temporary restraining order which went beyond the scope of R.S. 9:306;
3) failing to dissolve a temporary restraining order which infringed on his constitutional freedoms of speech and travel;
4) failing to award damages for the wrongful issuance of a temporary restraining order;
5) failing to award him alimony pendente lite;
6) failing to award him the exclusive use and occupancy of the family home; and

*372 7) failing to sustain his exception of no cause of action to his wife's rule for exclusive use and occupancy of the family home.
Appellant brought this action seeking a separation from his wife, Virginia, and recognition of his interest in the house that had served as the family residence. Virginia answered and reconvened for a separation, alimony and exclusive use of the family home. She also obtained a temporary restraining order which prohibited appellant from coming near her or communicating with her except through her attorney and further prohibited him from alienating or adversely affecting any property in which she had an interest.
Taufiq responded with a motion to dissolve the temporary restraining order and request for damages. Subsequently he commenced a rule for alimony pendente lite and exclusive use and occupancy of the family home.
Appellant's motion to dissolve and request for damages was tried along with appellee's rule for a preliminary injunction on March 29, 1982. The district judge granted a preliminary injunction against appellant prohibiting him from abusing, calling or contacting appellee and continuing in effect the provisions of the temporary restraining order relating to property until April 6, 1982. Appellant's request for damages was denied.
On April 15, 1982, a hearing was held on the appellant's rule for alimony and exclusive use of the family home and appellee's rule for exclusive use of the family home. Judgments were rendered denying appellant's demands and awarding exclusive use and occupancy of the family home to appellee. Mr. Khaled then appealed.
Appellant's first three assignments of error all relate to the district judge's failure to dissolve the temporary restraining order. Assuming arguendo that we may consider such assignments, see LSA-C.C.P. art. 3612, we decline to rule on them as they are moot.
An issue is moot when the judgment or decree sought can have no practical effect and courts do not rule on such questions. Robin v. Concerned Citizens, St. Bernard, Inc., 384 So.2d 405 (La.1980); Jones v. Natchitoches Parish Police Jury, 371 So.2d 1243 (La.App.3d Cir.1979).
Here the requested relief is the dissolution of the temporary restraining order. However, the temporary restraining order expired months ago and was replaced by a preliminary injunction. Thus, even were we to conclude that our brother below erred in refusing to dissolve the temporary restraining order our judgment could grant appellant no remedy as we cannot dissolve a temporary restraining order that has already expired.
Through his fourth assignment of error appellant attacks the trial judge's failure to award damages and attorney's fees for the wrongful issuance of the temporary restraining order.[1] The district judge's written reasons for judgment show that though he found the temporary restraining order to have been wrongfully issued because of appellee's failure to provide security, he denied damages because of appellant's failure to prove damages.
The plaintiff bears the burden of proving each and every element of damages claimed. Cheramie v. Jones, 327 So.2d 601 (La.App. 4th Cir.1976).
The award of damages and attorney's fees for the wrongful issuance of a temporary restraining order is within the discretion of the trial judge. Amacker v. Amacker, 146 So.2d 672 (La.App. 1st Cir. 1962); Muller v. Buckley, 143 So.2d 231 (La.App. 4th Cir.1962). Attorney's fees for the dissolution of a temporary restraining order need not be allowed where there is no proof of damages. Robinson v. Jackson, 255 So.2d 846 (La.App. 2d Cir.1971), writ denied, 260 La. 700, 257 So.2d 155 (1972).
*373 Appellate courts may not disturb the trial judge's reasonable evaluations of credibility. Pierre v. Landry, 341 So.2d 891 (La.1977).
Appellant is an itinerant jewelry salesman. He testified that the temporary restraining order upset him and made him unable to work because he was afraid to leave home. The trial judge's reasons show he was unimpressed by appellant's testimony.
We also are unmoved by appellant's incredible testimony. As there is no other evidence which supports the alleged damages we discern no error by the trial judge in rejecting appellant's demands for damages.
As to appellant's demand for attorney's fees we again note that no damages were proved. We also note appellee obtained a preliminary injunction prohibiting essentially the same acts prohibited by the temporary restraining order.
Finally, we note that the work of appellant's counsel on the motion to dissolve was also necessary to his opposition to the rule for the preliminary injunction. Under these circumstances the district judge was within his discretion in denying attorney's fees.
We now turn to appellant's fifth assignment of error through which he challenges the trial judge's refusal to award alimony pendente lite.
The amount of alimony pendente lite is left largely within the sound discretion of the trial judge and will not be disturbed on appeal unless that discretion has been abused. Frederick v. Frederick, 379 So.2d 808 (La.App. 4th Cir.1980); Gray v. Champagne, 367 So.2d 1309 (La.App. 4th Cir.1979); Liles v. Liles, 369 So.2d 479 (La. App. 4th Cir.1979). The need for alimony must be proved and the award should be for an amount which is fair to each party. Levine v. Levine, 373 So.2d 1380 (La.App. 4th Cir.1979); Gaspard v. Gaspard, 401 So.2d 624 (La.App. 3d Cir.1981); Liles v. Liles, supra.
Mrs. Khaled is a state employee with a net income of approximately $1,100.00 per month. She filed a statement of expenses which exceeds her monthly income.
During 1981 Mr. Khaled earned approximately $833.00 per month on sales of approximately $2,500.00 per month. He testified that his income during 1982 was only about $300.00 per month. This was disputed by Mrs. Khaled who testified that appellant frequently claimed to earn $2,000.00 in a weekend of selling jewelry.
Appellant's testimony as to his 1981 income was supported by tax records. However, his testimony of his greatly reduced 1982 income was totally unsupported by documentation. Further, it was disputed by appellee's testimony.
The trial judge is not required to accept a party's unsupported estimate of income. Gray v. Champagne. Here appellant's estimate of his 1982 income is vague and unsupported.
Appellant attempts to obtain alimony by proving his wife's income and then relying on his own unsupported assertions of a lesser income. This is not adequate proof of appellant's need for alimony and his demands were properly rejected by the trial judge.
Further, the evidence shows that both parties have reasonable living expenses in excess of their incomes. Thus, we question whether either party has the ability to pay alimony.
We consider appellant's final two assignments of error together. Through his sixth assignment of error appellant contends that the trial judge erred in awarding the exclusive use and occupancy of the family home to appellee. Through the seventh assignment of error appellant contends that the trial judge erred in failing to sustain his exception of no cause of action to appellee's rule for exclusive use and occupancy of the family home.
The basis of appellant's exception of no cause of action is his contention that the family home is owned one-half by each party as separate property and that R.S. 9:308 *374 applies only to family homes which are community property. He argues that to allow such an action to property in which the spouses own interests as separate property amounts to allowing one co-owner to evict another.
LSA-R.S. 9:308 provides as follows:
"After the filing of a petition for separation or divorce or in conjunction therewith, either spouse may petition for, and a court may award to one of the spouses, use and occupancy of the family residence pending the partition of the community property. In such cases, the court shall inquire into the relative economic status of the spouses and the needs of children, if any, and shall award the use and occupancy of the family residence to the spouse in accordance with the best interest of the family. The court shall consider the granting of the occupancy of the family home in awarding alimony or child support."
Neither party has cited a decision construing this statute and we have found none.
Statutes should be construed so as to give effect to the true legislative intent. Bonnette v. Karst, 261 La. 850, 261 So.2d 589 (1972); Parish of Jefferson v. Stansbury, 228 So.2d 743 (La.App. 4th Cir. 1969). Statutes should not be construed so as to have odd or preposterous meanings. State v. Seals, 255 La. 1005, 233 So.2d 914 (1970). Nor should statutes be construed so as to defeat their purpose or produce absurd results. Kaufman v. State, Dept. of Pub. Safety, Driv. Lic. Div., 286 So.2d 723 (La. App. 1st Cir.1973).
We think the purpose of R.S. 9:308 is to make the use and occupancy of the family residence by a particular spouse during a separation the product of a reasoned, judicial determination rather than the whims of circumstance.[2] That the statute is intended to be given broad coverage to effectuate that purpose is shown by the legislature's use of the term "family residence" (emphasis added) rather than some more restrictive term in the first sentence of the statute.
A construction of the statute harmonious with its purpose and intent requires that it apply to family residences which are not community property, such as rented houses and apartments or houses in which the spouses own interests as separate property. The exception of no cause of action was properly overruled.
The use and occupancy of the family home is to be awarded in accord with the best interest of the family. LSA-R.S. 9:308. Just as the trial judge's determination of the best interests of the child in a custody case is entitled to great weight, Beck v. Beck, 341 So.2d 580 (La.App. 2d Cir.1977), his determination of the best interest of the family in awarding the exclusive use and occupancy of the family home should be accorded great weight.
The house in question was acquired by Mrs. Khaled and her deceased husband. At the time of her marriage to appellant there was no debt owed on the house thanks to the hard work and frugal lifestyle of Mrs. Khaled and her prior husband during their marriage. Mrs. Khaled has a strong emotional attachment to the house due to the memories it holds for her.
There are no children involved here and as previously discussed with respect to assignment five, both parties are in approximately equal states of financial distress. Considering the relative equality of the parties' economic positions and Mrs. Khaled's strong emotional attachment to the house we are in accord with the trial judge's conclusion that it is in the best interest of the family to award the exclusive use and occupancy of the family residence to appellee.
Appellant's assignments of error are without merit. The judgments are AFFIRMED at appellant's costs.
NOTES
[1] The denial or award of damages for the wrongful issuance of a temporary restraining order is appealable. Davis v. Raymond Petroleum, Inc., 396 So.2d 600 (La.App. 3d Cir.1981).
[2] For example, a spouse who drives the other from the family residence by his outrageous behavior should not profit from that behavior by being able to remain in the family home without challenge because the other spouse cannot bear to return and suffer more outrages.