514 So.2d 198 (1987)
Terry A. CROMWELL, M.D., Plaintiff-Appellant,
v.
COMMERCE & ENERGY BANK OF LAFAYETTE, et al., Defendants-Appellees.
No. 86-892.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1987.
Rehearing Denied November 17, 1987.
Durio, McGoffin & Stagg, Steven G. Durio and Jeffrey Ackermann, Lafayette, for plaintiff-appellant.
Robert Jackson, Baton Rouge, Dennis L. Doise, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, William E. Logan, Jr., Logan & Sallinger, Gene Broussard, Lafayette, Lee C. Kantrow, Kantrow, Spaht, Weaver & Blitzer, Baton Rouge, Douglas F. Pedigo, Broadhurst, Brook, Mangham & Handy, Lafayette, John D. Powers, Downing & Powers, Baton Rouge, Ernest L. Parker, Bean & Parker, Purvis Carmouche, Jr., Mouton & Roy, Cliffe Laborde, Laborde & Lafargue, Lafayette, Winston Ardoin, Ardoin & Daigle, Frank McGee, Guillory, McGee & Fontenot, Eunice, John Munsterman, Gist, Methvin, Hughes & Munsterman, Alexandria, William R. Forrester, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, Henry Lemoine, Pineville, Darrel O. Ryland, Marksville, Henry C. Perret, Jr., Lafayette, John Geiger, Baton Rouge, O.C. Guilliot, Lafayette, Susan Rouprich, Michael H. Rubin, Steen, Rubin, Curry, Colvin & Joseph, Baton Rouge, Mary Coon Biggs, Bauer, Darnell & Boudreaux, Franklin, for defendants-appellees.
*199 Before STOKER and YELVERTON, JJ., and CULPEPPER, J. Pro Tem.[*]
YELVERTON, Judge.
The appellants in these consolidated cases, Terry A. Cromwell, M.D., et al, appeal a judgment sustaining an exception of improper cumulation of actions filed by European American Bank and Trust Company of New York (EAB) and dismissing the appellants' third supplemental and amending petition with prejudice. We find that there was no improper cumulation of actions, and we reverse and remand.
This is a complicated securities fraud case which has generated prolonged litigation. The original petition sought a temporary and a permanent injunction against the initial defendants, the issuing banks of letters of credit, to stop the banks from honoring the letters of credit. The plaintiffs-appellants in these five consolidated actions consist of 28 investors who purchased certain partnership interests in Combined Investments, Ltd. (C.I., Ltd.), a Louisiana limited partnership. As security for their capital contribution, the 28 limited partners were required to have letters of credit issued in favor of C.I., Ltd. The letters of credit were issued by 14 Louisiana banks. EAB became the final beneficiary under the letters of credit as security for a $10,000,000 line of credit. An injunction against the issuing banks would prevent the beneficiary, EAB, from drawing on the letters of credit.
The original five suits by the 28 investors were based on a claim that they had been defrauded. EAB intervened in these cases to assert its right to draw on the letters of credit. C.I., Ltd., as well as Combined Equities, Incorporated (C.E., Inc.), a syndication and management company which formed C.I., Ltd., and was its general partner, also intervened to refute plaintiffs' claim that they were defrauded. The trial court originally issued a temporary restraining order, then a preliminary injunction, prohibiting the 14 issuing banks from honoring EAB's drafts for payment of the letters of credit. The trial court did this after making a finding that there was fraudulent activity on the part of C.E., Inc. and C.I., Ltd.
On the first appeal this court reversed the granting of the preliminary injunction. 450 So.2d 1 (La.App. 3rd Cir.1984). We remanded the case for the limited purpose of considering the demands for damages and attorney's fees asserted by EAB and two of the defendant banks for wrongful issuance of the temporary injunction. The Supreme Court granted writs, and subsequently affirmed this court's decision dissolving the preliminary injunction. 464 So.2d 721 (La.1985). The Supreme Court, like the Court of Appeal, held that in the record before the trial court at the preliminary injunction hearing, there was no evidence of fraud or knowledge of fraud on the part of EAB. However, the Supreme Court remanded the case for a trial on the merits as to the permanent injunction, since plaintiffs had not waived their right to a trial on the merits.
After the remand from the Supreme Court, the 28 plaintiffs filed a second amending and supplemental petition (the first is not relevant here) for a temporary restraining order and injunctive relief, in which they alleged that they had obtained new and additional evidence which, taken in conjunction with the earlier evidence, would eliminate any doubt as to the fraud or knowledge of fraud on the part of EAB. The allegations of that amending petition went on to describe in great detail facts which purported to show that EAB knew and recognized, at all relevant times, that there had been a failure on the part of the general partner to disclose seriously adverse financial information concerning itself and in its possession at the time of the offering of the securities to the plaintiffs, and that EAB violated a duty to make an appropriate supplemental disclosure to the investors.
On the basis of this second amending and supplemental petition, and the prayer for a temporary restraining order, the district court on April 16, 1985 granted a second *200 temporary restraining order against the 14 issuing banks and ordered the banks, along with EAB, to show cause on a certain date as to why a preliminary injunction should not issue. The Supreme Court granted writs and vacated and reversed that temporary restraining order, and its extension, and remanded the case to the district court "pursuant to the judgment of this Court on original hearing." 466 So.2d 1290 (La. 1985) and 468 So.2d 1142 (La.1985).
Then, on June 4, 1985, the plaintiffs were permitted to file a third supplemental and amending petition which is what is before us now. This pleading is the action which EAB asserts was improperly cumulated with the pending action for a permanent injunction. In this third supplemental and amending petition the 28 original petitioners again, but in greater detail, alleged EAB's participation in the fraudulent activities, asserting that EAB assisted in and induced the furtherance of the fraud for its own purposes in order to remedy its already accrued losses resulting from delinquencies in interest. Violations of state and federal securities laws were also alleged, as was negligence. Injunctive relief was not requested, only damages. Named as defendants in this amending petition were EAB, C.E., Inc., C.I., Ltd, Combined Equities Securities, Ltd., and several individuals. The 14 issuing banks who had been made defendants in the original, still pending petitions, were not named defendants in this third amending petition. Damages of over $6 Million are sought.
The amending petition also alleged that on May 2, 1985, after expiration of the prior injunctions against payment of the letters of credit, EAB renewed its demand upon each of the issuing banks for payment of the letters of credit, and that each of the issuing banks then paid every letter of credit drawn upon, and sought reimbursement of such payments from the plaintiffs.
All the defendants named in the third supplemental and amending petition, except EAB, filed answers. EAB responded by filing exceptions of venue as to certain plaintiffs, improper cumulation of actions as to all plaintiffs, no cause of action, and prescription and peremption.
In the pleading raising these exceptions EAB asserted that its drafts on the letters of credit had been paid by the banks in May 1985, before this amending petition was filed, that the original cases had become moot, and that the only issues remaining from the filing of the original petitions were claims for attorney's fees, damages and costs by reason of the wrongful issuance of the original injunction.
At the oral argument on this appeal we were informed that, although the letters of credit were in fact paid in May 1985 and the issues are moot as to the 14 original issuing bank defendants, the original five suits have yet to be formally dismissed.
After a hearing on the exceptions, which consisted essentially of arguments, the trial court overruled the exceptions of venue and no cause of action filed by EAB, and sustained the exception of improper cumulation of actions. By sustaining that exception, the trial court did not pass on the remaining exceptions, which were based on prescription under the federal and state securities exchange laws.
When the trial court sustained the exception of improper cumulation of actions, it dismissed the plaintiffs' suit against EAB and all of the other defendants named in the third amending and supplemental petition, with prejudice.
The appeal before us now is by the plaintiffs protesting the dismissal based on improper cumulation of actions. EAB is the only defendant to file a brief. The dismissal of the other defendants named in the third amending and supplemental petition must be reversed simply because these defendants, never having raised this dilatory exception of improper cumulation, waived it. La.C.C.P. Art. 926.
As between the plaintiffs and EAB, the sole issue before us according to their briefs is the cumulation of actions question. Although the exception of prescription has yet to be resolved, we are not asked to address it here, in the event we find the actions were not improperly cumulated. It *201 is doubtful that we could address prescription, on the portions of the record designated by the parties for purposes of this appeal, as this record contains very little in the way of prescription facts, such as, for example, procedural facts regarding other pending litigation between these parties in both federal and state courts which might have served to interrupt prescription. In any event, the parties have designated those portions of the record they consider necessary and on which they rely, in accordance with C.C.P. Arts. 2128 and 2129, their designations of the record and their arguments plainly indicate that they regard the only issue on appeal is the cumulation of actions issue, and our opinion is likewise limited to that issue.
In its reasons for judgment the trial court relied on the ruling in People of the Living God v. Chantilly Corporation, 211 So.2d 445 (La.App. 4th Cir.1968), which held that an action for tort damages and one for injunctive relief employed different forms of procedure, and therefore cannot be cumulated because that would be in violation of La.C.C.P. Arts. 462(2) and 463(3).
There are five articles of the Code of Civil Procedure that deal with cumulation of actions. They are:
Art. 461. Cumulation of actions defined
Cumulation of actions is the joinder of separate actions in the same judicial demand, whether by a single plaintiff against a single defendant, or by one or more plaintiffs against one or more defendants.
Art. 462. Cumulation by single plaintiff against single defendant
A plaintiff may cumulate against the same defendant two or more actions even though based on different grounds, if:
(1) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
(2) All of the actions cumulated are mutually consistent and employ the same form of procedure.
Except as otherwise provided in Article 3657, inconsistent or mutually exclusive actions may be cumulated in the same judicial demand if pleaded in the alternative.
Art. 463. Cumulation, plural plaintiffs or defendants
Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
(1) There is a community of interest between the parties joined;
(2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
(3) All of the actions cumulated are mutually consistent and employ the same form of procedure.
Except as otherwise provided in Article 3657, inconsistent or mutually exclusive actions may be cumulated in the same suit if pleaded in the alternative.
Art. 464. Improper cumulation, effect
When the court lacks jurisdiction of, or when the venue is improper as to, one of the actions cumulated, that action shall be dismissed.
When the cumulation is improper for any other reason, the court may: (1) order separate trials of the actions; or (2) order the plaintiff to elect which actions he shall proceed with, and to amend his petition so as to delete therefrom all allegations relating to the action which he elects to discontinue. The penalty for noncompliance with an order to amend is a dismissal of plaintiff's suit.
Art. 465. Separate trials of cumulated actions
When the court is of the opinion that it would simplify the proceedings, would permit a more orderly disposition of the case, or would otherwise be in the interest of justice, at any time prior to trial, it may order a separate trial of cumulated actions, even if the cumulation is proper.
EAB, urging us to affirm the trial court, argues that the two actions brought by plaintiffs, the injunction and damage actions, do not employ the same form of procedure, relying on People of the Living God v. Chantilly Corporation, supra. The appellants argue that People of the Living God should not be followed, relying *202 on Judge Albert Tate's criticism of that case in The Work of the Louisiana Appellate Courts for the 1968-1969 TermCivil Procedure, 30 La.L.Review 286 (1969-1970). Plaintiffs-Appellants ask us to reverse.
We reverse but for a different reason. We find that the trial court erred in treating this case as an improper cumulation of actions. In our opinion there is no problem of cumulation of actions present in the case. We reach this conclusion because as a practical matter there is nothing left to try in the injunction suit, even though the suit itself has yet to be dismissed.
The plaintiffs and EAB joined battle on this exception over whether or not an action for a permanent injunction and an action for damages employ the same form of procedure, one of the requirements for proper cumulation under C.C.P. Art. 463(3). EAB has never contended that the other requirements of C.C.P. Art. 463 (whether there was a community of interest between the defendants in the third amending petition, and whether the actions were mutually consistent) were not met. The trial judge followed the holding in People of the Living God, supra, and dismissed the third party petition by finding that the actions did not employ the same form of procedure.
The Code of Civil Procedure requires dismissal of an improperly cumulated action only where as to that action the court lacks jurisdiction or the venue is improper. When the cumulation is improper for any other reason, the court may either order separate trials of the actions, or order the plaintiff to elect the action he wants to go forward. C.C.P. Art. 464. Even if a cumulation is proper the trial court may order separate trials if prejudice might result. C.C.P. Art. 465. The Code is concerned not so much with the propriety of the cumulation of pleaded actions as it is with the propriety of the cumulation of actions for trial.
In the present case the injunction suit against the 14 issuing banks is a dead issue. The suit itself is alive, barely; it has not been dismissed and is therefore still pending. Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986). Because it was a pending suit, it could be amended. Id. But there is nothing left in it to try. The banks cannot be enjoined from paying what they have already paid. When the Supreme Court remanded this case for a trial on the merits of the injunction suit, the issuing banks had not paid the letters of credit and it was not known whether EAB would renew its demand for payment. The plaintiffs at that stage were entitled to have preserved to them their right to a trial on the merits. Such is no longer the case. In their pleadings and briefs and oral arguments the parties have declared that EAB renewed its demand for payment and that the issuing banks paid the letters of credit. They even agree that the injunction suit is now moot. Under these circumstances there is no triable action left in the injunction suit. Only the third supplemental and amending petition remains to be tried. This is not a case of improper cumulation of actions. It is not cumulation of actions at all. There is but one action left to be tried.
For these reasons we reverse the trial court. These cases are remanded to the trial court for further proceedings. EAB will pay all costs of this appeal.
REVERSED AND REMANDED.
NOTES
[*] Judge William A. Culpepper, Retired, Judge Pro Tempore.