528 So.2d 759 (1988)
Terry A. CROMWELL, M.D., Plaintiff-Appellant,
v.
COMMERCE & ENERGY BANK OF LAFAYETTE, et al., Defendants-Appellees.
No. 87-525.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1988.
Rehearing Denied August 8, 1988.
*760 Durio, McGoffin, & Stagg, Steven C. Durio, Lafayette, for plaintiff-appellant.
Jackson & Shapiro, Robert Jackson, Alfred Shapiro, Baton Rouge, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & *761 Frilot, William R. Forrester, New Orleans, for defendants-appellees.
Before DOUCET, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
This appeal is from an award of damages and attorney's fees for the wrongful issuance of preliminary restraining orders and preliminary injunctions.
The injunctions were granted in 1982 to stop certain Louisiana banks, as issuing banks of letters of credit, from honoring drafts on the letters of credit. The injunctions were obtained by the 28 plaintiffs in these five consolidated cases. European-American Bank and Trust Co. of New York (EAB) was the beneficiary of the letters of credit. EAB and two of the issuing banks moved to dissolve the preliminary injunctions, and asked for an award of damages and attorney's fees for the wrongful issuance of the injunctions, in accordance with the provisions of La.C.C.P. art. 3608.
On appeal this court in 1984 reversed the granting of the preliminary injunctions and remanded the cases for a consideration of whether damages and attorney's fees should be awarded, and if so, the amount. 450 So.2d 1 (La.App. 3rd Cir.1984). Our remand for that purpose was affirmed by the Supreme Court. 464 So.2d 721 (La. 1985). The injunctions were lifted and letters of credit were finally paid in May 1985.
[For a more detailed explanation of the procedural facts of these cases, including the identification of the parties and their interests, we refer the reader to our opinion reported at 514 So.2d 198 (La.App. 3rd Cir.1987), which contains the most recent narration of the relevant procedural events in these cases. If the reader wishes more enlightenment in the substantive realm of this litigation, it can be found in the Louisiana Supreme Court opinion reported at 464 So.2d 721 (1985).]
On remand from the Supreme Court, after a hearing on the question of damages for the wrongful issuance of the preliminary injunctions, the trial court, on August 15, 1986, signed a judgment awarding EAB damages in the amount of $1,151,194, attorney's fees in the amount of $35,000, and costs of $10,087. This award was prorated among the then 26 plaintiffs left in the case who had originally been responsible for the wrongful issuance of the injunctions.
The trial court also made an award of attorney's fees to the two issuing banks, but the dispute as to that award and the amounts was settled and is not before us on this appeal.
Combined Investments, Ltd. (C.I., Ltd.), and Combined Equities, Inc. (C.E., Inc.), had in the meantime intervened in the cases and they, too, had demanded damages and attorneys fees, but their demands were rejected.
On this appeal the plaintiffs are asking for a reversal of the awards, or at least a reduction. EAB answered the appeal and is asking for an increase in the award of its attorneys' fees. C.I., Ltd. and C.E., Inc. appealed asking that they be found to have been damaged and that they be awarded attorneys' fees and costs as a result of the wrongful issuance of the temporary injunctions.
La.C.C.P. art. 3608 permits an award for damages for the wrongful issuance of a temporary restraining order or preliminary injunction. The article recognizes as an element of damages, attorney's fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction. Plaintiffs' argument is that the issuance of the restraining order and injunction in these cases was not wrongful, apparently in the sense that it was not done in bad faith. We do not believe that this is what was meant by the employment of the term "wrongfully issued". A preliminary injunction is "wrongfully issued" if it infringes upon some right of the enjoined person, regardless of whether or not the injunction was requested on good faith grounds. Roy v. Union Bank, 347 So.2d 286 (La.App. 3rd Cir.1977), writ den. 350 So.2d 895 (La.1977); Gaudet v. Reaux, 450 So.2d 1009 (La.App. 1st Cir. 1984). That the plaintiffs were not in bad faith or conniving does not make the issuance of the injunction any the less *762 wrongful. Plaintiffs seem to be arguing that "wrongfully" as used in Article 3608 means something more than the simple fact of dissolution. It is our opinion that "wrongful issuance" of injunctive relief means simply injunctive relief that has been issued when it should not have been, because the plaintiffs had no right to it.
In Roy v. Union Bank, supra, this court said:
"The word "wrongful" does not necessarily connote bad faith or connivance, but it does import the infringement of some right. The use of the injunctive process is an extreme remedy, and its improper issuance causes the mover to stand the responsibility therefor. We therefore conclude, under the facts of this case that the original issuance of the preliminary injunction by the district court was "wrongful" within the context of LSA-C.C.P. 3608."
In the present case the Supreme Court itself has said that the plaintiffs had no right to injunctive relief. 464 So.2d at 736. Accordingly, it was wrongfully issued. Under Article 3608, the trial court could in its discretion grant recovery of damages and attorney's fees upon dissolution of the wrongfully issued injunctive relief to any party damaged thereby.
The trial court found that EAB's right to call the letters of credit for payment had been delayed from November 30, 1982 to May 1, 1985, because of the improvident issuance of the preliminary injunctions. La.C.C. art. 2000 provides in pertinent part that:
"When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time that it is due, at the rate agreed upon by the parties or, in the absence of agreement, at the rate of 12%."
The trial judge calculated damages of $1,151,194 apparently in accordance with this article. There was no rate of interest agreed upon by the parties. No one expected the letters of credit to be dishonored. Proration among the plaintiffs was stipulated and the computation was arithmetic. The judge simply multiplied interest at 12% on the sum of money due from its due date until the date of judgment. We find no abuse of discretion in the measure of damages awarded EAB.
Nor do we find an abuse of discretion in the award of attorney's fees. The factors to be considered in fixing attorney's fees can be found in Rule 1.5 of the Louisiana Rules of Professional Conduct. The Rules of Professional Conduct (formerly Code of Professional Responsibility) which regulates attorneys' practices has been recognized as having the force and effect of substantive law. Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La. 1982). Depositions, hundreds of hours of work, weeks of trials and hearings, and numerous briefs, reached a favorable result in a highly complex case involving millions of dollars in money and far-reaching consequences in the development of this area of the law. The hearing on the temporary injunction alone comprised 34 volumes of exhibits, depositions, and testimony. After considering the factors in Rule 1.5, we find that EAB proved its entitlement to the attorney's fees. We have no hesitation in affirming the amount awarded, $35,000.
EAB answered this appeal and prayed for an increase to equal the amount actually charged by its attorneys. We do not believe that attorney's fees for the wrongful issuance of the injunctions in the present case can necessarily be equated with attorney's fees ultimately charged in the case, however reasonable and deserved. The impending financial loss was going to fall on somebody's shoulders, and the case was bound to go to court. By the award of damages for the delay in the payment of the letters of credit, EAB has been made whole. The dissolution of the writs was incidental, although a substantial incident, in the overall litigation. Accordingly, we do not grant an increase in the award of attorney's fees as requested by EAB in its answer to the appeal.
Finally, we consider the rejection of the claims of C.E., Inc. and C.I., Ltd., for *763 damages for the wrongful issuance of the injunctions. The only element of damages that these parties prayed for was attorney's fees, which the trial judge denied.
C.I., Ltd., the partnership, and C.E., Inc., the general partner, intervened in these cases for the reason, as explained by the Supreme Court, 464 So.2d at 723: "in order to refute the Plaintiffs' claim that they defrauded the Plaintiff-Investors". We believe that the trial court's rejection of attorney's fees for these entities was entirely correct. The preliminary restraining orders and temporary injunctions did not affect them; they were not restrained in any manner from giving, doing or not doing something. As found by the Supreme Court, their only purpose in intervening in the suits was to defend themselves against allegations of their fraud. These parties were not even named as original defendants in the case, and intervened after the original temporary restraining orders and temporary injunctions were issued. The use of the injunctive process did not infringe upon any rights of these parties, and the trial court's action withholding damages in their favor was correct.
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal will be borne by plaintiffs-appellants.
AFFIRMED.