KNOLL, Judge.
The sole issue on this appeal[1] is the award of the use and occupancy of the family home to plaintiff, Kenneth Paul Quirk, which was granted in the judgment on the rule for custody. The wife, Teresa Ann Quirk, appeals contending that the trial court abused its discretion in making this award. We affirm.
The Quirks were married on March 27, 1982, and one child, Heather, was bom on December 6, 1982. The parties physically separated on September 11, 1986. As part of various provisions of rules nisi filed, the trial court granted the parties joint custody of the minor child, with Kenneth as the domiciliary parent. Kenneth was further granted the use and occupancy of the family home pending a partition of the community of acquets and gains between the parties.
LSA-R.S. 9:308 provides in pertinent part:
“After the filing of a petition for separation or divorce or in conjunction therewith, either spouse may petition for, and a court may award to one of the spouses, after a contradictory hearing, the use and occupancy of the family residence and use of community movables or im-movables to either of the spouses pending further order of the court. In these cases, the court shall inquire into the relative economic status of the spouses, including both community and separate property, and the needs of the children, if any, and shall award the use and occupancy of the family residence and the use of any community movables or immov-ables to the spouse in accordance with the best interest of the family.”
The purpose of LSA-R.S. 9:308 is to make the use and occupancy of the family residence by a particular spouse during a separation the product of a reasoned, judicial determination rather than the whims of circumstance. Khaled v. Khaled, 424 So.2d 370 (La.App. 2nd Cir.1982). The use and occupancy of the family home is awarded in accordance with the best interest of the family. LSA-R.S. 9:308. The trial court’s reasoned determination of the best interest of the family in awarding the exclusive use and occupancy of the family home should be accorded great weight. Khaled, supra at 374.
The trial court did not elaborate in its decision awarding the use and occupancy of the family home to Kenneth. However, we glean the following facts from the record: Kenneth was designated in the joint custody plan as the domiciliary parent; the matrimonial home is located next door to Kenneth’s parents, and a short distance from Heather’s day school; and, the record reflects that the trial court’s decision was based on the best interest of the family. Under these circumstances we discern no abuse of the wide discretion afforded the trial court in its award of the use and occupancy of the family home.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Teresa Ann Quirk.
AFFIRMED.

. In a motion to dismiss the appeal we held that all other assignments of error, namely, joint custody, child custody, and recusation of the trial judge, were moot as a result of the trial court’s subsequent issuance of a legal divorce.