| iPETERS, Judge.
Southfield Square Homeowners Association, Inc. originally brought this action against fifteen defendants, seeking injunctive relief for alleged violations of restrictive covenants associated with Southfield Square Subdivision, a residential development in Lafayette Parish, Louisiana. It now appeals an award of attorney fees to Kemble Olivier, Garland Bernard, and Holly M. Hebert, three of the defendants.
DISCUSSION OF THE RECORD
Southfield Development Group, Inc. (Southfield), a Lafayette Parish corporation, originally owned immovable property in Lafayette Parish, which it subdivided into individual lots designated as Lots 1 through 107 of Southfield Square Subdivision (Southfield Square). As part of the development of Southfield Square, 12the subdivision roads were formally dedicated as public roads, and the dedication was filed in the conveyance records of Lafayette Parish in September of 1981. The Lafayette Parish Police Jury did not accept the dedicated roads until September of 1982. On March 11, 1982, Southfield filed in the conveyance records of Lafayette Parish a document entitled “DECLARATION OF COVENANTS OF CONDITIONS AND RESTRICTIONS OF SOUTHFIELD SQUARE” (Declarations). This document provided that Southfield was the owner of all the property in Southfield Square and that any conveyance of all or part of the property would be subject to the “easements, restrictions, covenants, and conditions” found therein.
The Declarations provide- that the South-field Square Homeowners Association, Inc. (Association) is given the power to enforce all restrictions, conditions, covenants, reservations, Kens, and charges imposed by the Declarations. More specifically, the Association is given the responsibility “for the exterior maintenance of all townhomes, green areas, fencing and parking areas” within the development. With regard to the parking areas, Article II, Section 1 of the Declarations provides:
The lots located in Southfield Square shall have parking areas located on the front of *641 said lots and each lot shall be delegated two (2) parking spaces in the respective parking area fronting each lot.
Additionally, Article VIII, Paragraph 6 of the Declarations provides in part:
There shall be no parking, except on a temporary basis for visitors, on the public streets adjacent to the property governed hereunder. Residents must park any vehicle owned or being used on the parking area located in the front of each townhome. Each Lot shall be allotted two (2) parking spaces. No vehicles whatsoever shall be parked or kept in the front yards of the Lots.... This restriction is not intended, and shall not restrict trucks or commercial vehicles making deliveries to or in the area, nor shall this restriction limit trucks or commercial vehicles within the area which are necessary for the construction of improvements or maintenance of the improvements on the Properties.
After the Declarations were filed in the conveyance records, Southfield sold a number of the lots in the subdivision. On November 12, 1993, the Association |3brought this action for injunctive relief against fifteen of the purchasers, asserting that each had violated the covenant in the Declarations concerning the use of the designated parking spaces. The fifteen original defendants were Craig J. Myers; James T. Worbington; David E. Burgess, Jr.; Ruth W. Burgess; R.W. Burgess; Alisa A Smith; Sherry Via-tor; Myra L. Mouton; Michelle R. Gross; Julie C. Caillouet; Jan M. Ofiiel; Trida Diann Connell; Garland Bernard; Holly M. Hebert; and Kemble Olivier.
The original petition alleged that each defendant was in violation of the restrictive covenant in that each defendant had continuously parked his or her vehicle in an unauthorized area. The Association requested a temporary restraining order, preliminary injunction, and permanent injunction prohibiting each defendant from violating the restrictive covenant. On November 19, 1993, a temporary restraining order was issued against all of the defendants.
On January 10, 1994, Garland Bernard, Holly M. Hebert, and Kemble Olivier answered the Association’s petition. In their answer, they asserted that the part of the Declarations concerning parking regulations was not enforceable in that it sought to regulate the use of public streets. Additionally, they requested an award of attorney fees against the Association. On the same day, the trial court awarded a preliminary injunction in favor of the Association and against Bernard, Hebert, and Olivier only. Judgment on the preliminary injunction was signed on February 18, 1994. It appears that the claims against the other defendants were disposed of by the time of the hearing on the preliminary injunction, although the record is not clear in that regard.
Olivier then filed a motion to dissolve the preliminary injunction. The parties subsequently agreed to submit the dissolution issue and the request for permanent injunction to the court based on the previous record, stipulations, and additional | ¿briefs. In accordance with this agreement, the trial court rendered reasons for judgment denying the permanent injunction, dissolving the preliminary injunction, and awarding $2,500.00 in attorney fees to the three defendants. In doing so, the trial court concluded that September of 1981 constituted the effective date of the dedication of the streets as public streets and that the covenants filed thereafter could have no effect on the use of the public streets.
The Association only appeals the award of attorney fees, contending that attorney fees were not recoverable and, in the alternative, that the award was excessive.
OPINION
La.Code Civ.P. art. 3608 reads in pertinent part:
Attorney’s fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.
The Association first argues that because Article 3608 does not provide for attorney fees for defending an action for permanent injunction and because the trial on the per *642 manent injunction was consolidated with the hearing to dissolve the preliminary injunction, the defendants are not entitled to attorney fees. In other words, the Association argues that an award of attorney fees would be improper because it would include an award for the denial of the permanent injunction.
The Association cites Khaled v. Khaled, 424 So.2d 370 (La.App. 2 Cir.1982) in support of its argument that attorney fees should not be awarded. We do not find that Khaled stands for the proposition espoused by the Association. In Khaled, the court merely found that the award of damages and attorney fees for the wrongful issuance of a temporary restraining order was within the sound discretion of the trial court and that attorney fees need not be awarded in the absence of proof of damages. |BIt does not stand for the proposition that attorney fees are not allowed when the trial on the permanent injunction is held at the same time as the trial on the request for dissolution of the preliminary injunction. Such an interpretation would conflict with the very language of La.Code Civ.P. art. 3608. See also Fontenot v. Petmecky, 386 So.2d 702 (La.App. 3 Cir.), writ denied, 393 So.2d 747 (La.1980). However, there is no evidence to suggest the attorney fee award was for anything other than services rendered in association with the dissolution proceedings. It is presumed that the trial court’s ruling is correct when there is no evidence in the record to reflect otherwise. Maxwell v. Swain, 524 So.2d 826 (La.App. 3 Cir.1988). We find no error in the award of attorney fees by the trial court.
In the alternative, the Association argues that the award is excessive in that nothing new was presented in the dissolution proceedings that had not already been presented in the prior proceedings. The award of attorney fees under La.Code Civ.P. art. 3608 is subject to the sound discretion of the trial court. Khaled, 424 So.2d 370. Additionally, the trial court has the discretion to estimate the value of legal services, even when a party fails to introduce evidence of the amount of attorney fees incurred. Ashley v. Welcker, 522 So.2d 172 (La.App. 4 Cir.1988). In determining the reasonableness of a legal fee, the court is required to consider the factors found in Louisiana Rules of Professional Conduct—Rule 1.5. Cromwell v. Commerce & Energy Bank of Lafayette, 528 So.2d 759 (La.App. 3 Cir.1988). Although the reasons for judgment do not specifically state that the trial court considered these factors, we must presume it did. See Maxwell, 524 So.2d 826.
We do not find that an award of $2,500.00 in attorney fees is excessive and an abuse of the trial court’s discretion, given the record of these proceedings.
DISPOSITION
IfiFor the foregoing reasons, the judgment of the trial court is affirmed in all respects. All costs of this appeal are taxed against Southfield Square Homeowners Association, Inc.
AFFIRMED.