|2FOGG, Judge.
The issue raised on appeal in this succession ease is whether the trial court erred in ordering the succession administrator to execute a dation en paiement in satisfaction of a debt of the succession. For the following reasons, we affirm.
Ruby Thibodaux died on July 23, 1996. On November 25, 1996, her children and sole heirs, Judy Holland Beard and Willie Holland, filed a Petition to Appoint Administrator, seeking to have Judy Holland Beard’s husband, Kendall Beard, appointed as administrator of the succession. That same day, the order appointing Kendall Beard as administrator was signed by the district court judge.
The detailed descriptive list filed by the administrator showed that the assets of the estate totaled $437,544.83' and the liabilities totaled $538,163.61. Therefore, the estate was insolvent. Listed as assets of the estate were three tracts of immovable property. Judy Holland Beard and Kendall Beard were holders of a promissory note, secured by a mortgage on the three tracts, originally in the sum of $165,000.00. That promissory note was listed as a debt of the succession in the detailed descriptive list. The balance due on the note at the time the pleading was filed was $175,849.32, plus interest át the rate of 10% per annum from April 1, 1997, until paid, with a per diem of $45.21.
On March 27, 1997, the administrator filed a Petition for Authority to Make a Dation en Paiement. Therein, Kendall Beard, in his capacity as administrator of the estate, asserted that the note he and his wife held was eight months in arrears; that the three tracts of immovable property included in the assets of the estate had a collective fair market value of $116,000.00; and that they, as holders of the note secured by a mortgage on |3the three tracts of land, would enforce the mortgage unless payment arrangements were made. The pleading stated that Judy Holland Beard and Kendall Beard would accept a conveyance of the mortgaged property in satisfaction of the note secured by their mortgage. Finally, Beard, in his capacity as administrator of the estate, prayed that he be authorized to make a dation en paiement of the three tracts'in satisfaction of the note secured by the mortgage on the three tracts.
On April 2, 1997, the district court judge issued an order letting notice of the filing of the Petition for Authority to Dation be given in the manner provided by law. Notice was issued by the clerk of court on April 4, 1997, and published on April 10, 1997, advising all concerned to present any opposition to the application within seven days from the date of publication of the notice.
On April 18,1997, the clerk’s office verified that no opposition to the application had been filed. On April 18, 1997, the district court rendered judgment, authorizing and directing the administrator to execute the dation of the three tracts of immovable property in satisfaction of the indebtedness secured by the mortgage held by Judy Holland Beard and Kendall Beard.
On May 15, 1997, Albert J. Lebreton, III suspensively appealed that judgment. On appeal, he asserts that the trial court *653 erred in rendering judgment ordering the dation when the debt was not proven as required by LSA-R.S. 9:1474.
LSA-R.S. 9:1474 provides as follows:
If no opposition should be made within the time, the judge may grant to the administrator or executor the authority applied for, after the debt is proven, but if opposition should be made, he shall hear the matter and determine thereon in a summary manner.
Appellant questions whether the original promissory note representing the debt, a certified copy of the mortgage securing j4the promissory note, and other evidence were presented to the court for its consideration of the petition for authority to make the dation.
Under LSA-R.S. 9:1474 a hearing is contemplated only if opposition to the petition for authority to make the dation is filed. Such a hearing affords one the opportunity to refute the administrator’s petition. Once the time delays have expired and no opposition to the dation is filed, LSA-R.S. 9:1474 requires only that the debt is proven before judgment is rendered granting the administrator the authority to make the dation. In this ease, appellant did not timely oppose the petition. Therefore, he lost his opportunity for a hearing on the matter. The judgment was signed in chambers; therefore, we cannot ascertain from the record what evidence the judge considered in reaching his decision.
Our analysis begins with the premise that trial court judgments are presumed to be correct. Southfield Square Homeowners Ass’n v. Myers, 95-1043 (La.App. 3 Cir. 3/6/96); 670 So.2d 639. Additionally, the detailed descriptive list which is filed in the record contains a description of the note and the mortgage. It is signed by Kendall Beard, a payee on the note. Furthermore, that the judge signed the judgment is evidence that he found that the debt was proven. Appellant points to no evidence that' the debt was not proven. Therefore, we find that the trial court did not err in authorizing the dation.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.
SHORTESS, J., dissents with reasons.