# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-595 c/w 15-596

**ULETOM HEWITT**

**VERSUS**

**LAFAYETTE MUNICIPAL FIRE & POLICE
CIVIL SERVICE BOARD, ET AL.**

**\*\*\*\*\*\*\*\*\*\***
**APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO. 2014-6078
HONORABLE KRISTIAN EARLES, PRESIDING**
**\*\*\*\*\*\*\*\*\*\***

**SYLVIA R. COOKS
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Jimmie C. Peters, Marc T. Amy, Elizabeth A. Pickett, and John E. Conery, Judges.

**REVERSED.**

**Amy, J., dissents and assigns written reasons.**

C. Theodore Alpaugh, III
Guste, Barnett, Schlesinger, Henderson & Alpaugh, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, LA  70113-7103
(504) 529-4141
ATTORNEY FOR APPELLANT
    Uletom Hewitt

Michael P. Corry
Hallie P. Coreil
Briney Foret Corry
413 Travis Street
P.O. Drawer 51367
Lafayette, LA  70505-1367
(337) 237-4070
ATTORNEY FOR APPELLEE
    Lafayette City-Parish Consolidated Government

**M. Candice Hattan**
**A Professional Law Corporation**
**P.O. Drawer 91850**
**Lafayette, LA  70509**
**(337) 234-0431**
**ATTORNEY FOR APPELLEE**
   **Lafayette Municipal Fire & Police Civil Service Board**

**COOKS, Judge.**

These consolidated appeals arise from a Temporary Restraining Order (TRO) that was filed in connection with Lafayette Police Officer Uletom Hewitt's civil service appeals from a five day suspension and a seven day suspension from the Lafayette Police Department. Hewitt appeals the trial court's judgments in favor of the Lafayette City-Parish Consolidated Government (hereafter the "City") and the Lafayette Municipal Fire and Police Civil Service Board (hereafter the "Board") casting him with costs and attorney fees.

### FACTS AND PROCEDURAL HISTORY

Uletom Hewitt was an officer with the Lafayette Police Department. On March 25, 2011, he received a five day suspension for an incident that occurred at the Mall of Acadiana. On August 4, 2011, Hewitt was notified he would receive a seven day suspension due to his alleged improper classification of in-car camera videos. On August 30, 2011, he was terminated from his position. Hewitt appealed both of his suspensions and his termination to the Board. Hewitt was granted an appeal on all three matters.

Hewitt, along with other current and former city police officers, filed a federal lawsuit in 2012 against numerous defendants (including the City, but not the Board) in the United States District Court for the Western District of Louisiana in Lafayette. See *Marceaux v. Lafayette City-Parish Consol. Gov't*, 731 F.3d 488 (5th Cir. 2013). It was alleged that the defendants imposed a code of silence in order to stop police officers from reporting corruption and civil rights abuses that occurred within the police department. The plaintiffs alleged that the defendants retaliated against them for rejecting those practices.

Pending the outcome of the federal suit, the Board stayed the hearings on Hewitt's appeals. Thereafter, Hewitt filed a Petition for Writ of Mandamus in the Fifteenth Judicial District Court, seeking a judgment ordering the Board to set his

appeals for hearing. The Honorable Ed Rubin denied the request. Hewitt appealed to this court, which reversed and ordered the Board to set Hewitt's appeals for hearing. *Hewitt v. Lafayette Mun. Fire & Police Civil Serv. Bd.*, 13-1429 (La.App. 3 Cir. 6/4/14), 139 So.3d 1213. In accordance with this court's ruling, the Board set both appeals for a hearing on December 10, 2014.

Hewitt submitted his witness lists and requests for subpoenas on December 1, 2014. However, on December 3, 2014, according to his counsel, Hewitt discovered through discussions with the Board's secretary and counsel that he would have to serve the subpoenas, which he thought was the Board's responsibility. Hewitt's counsel was also made aware that he would be required to state with specificity the expected testimony of each witness or they would not be allowed to testify. To counsel's knowledge, neither of these conditions had previously been required by the Board. Hewitt retained a process server, but was unable to obtain the subpoenas until the afternoon of December 4, 2014.

Due to these unexpected difficulties, counsel for Hewitt requested a continuance of the hearing from the Board. The request was not acted upon. Hewitt's counsel did not believe he would be able to timely serve the subpoenas prior to the hearing and was also unsure if certain testimony would be excluded due to the vague requirement that he state with specificity his witnesses' expected testimony. Thus, on the morning of December 5, 2014, a TRO and Preliminary and Permanent Injunctions were filed in district court to prevent the December 10, 2014 hearing from occurring. The case was assigned to the Honorable Kristian Earles, but as he was out of town, the Petition and request for the TRO was presented, pursuant to La.Code Civ.P. art. 253.3, to the Honorable John D. Trahan, the duty judge on that date.

Judge Trahan signed the TRO that morning and made it effective upon the posting of a $5,000.00 bond. The bond was filed with the district court on

December 8, 2014, and became effective at that time. Counsel for Officer Hewitt then informed Defendants that the TRO was in effect by email at 1:20 p.m. on December 8, 2014. Counsel for the City and the Board contended they were not provided a copy of the pleadings, or otherwise notified of the TRO, until 11:10 a.m. on December 8, 2014, nearly three days after Judge Trahan signed the order granting the TRO. Hewitt explained that the delay between the signing of the TRO and notification was due to the fact that a $5,000.00 bond was required before the TRO became effective. Hewitt explained the bond was obtained on December 5 in New Orleans, but had to be shipped by Federal Express to Lafayette, and it did not arrive until Monday, December 8, 2014. It was not until this point that the bond became effective.

Later on the afternoon of December 8, 2014, the City and Board filed a Motion to Dissolve Temporary Restraining Order on the grounds that Hewitt failed to provide notice as required by law and failed to show irreparable harm. That evening, Judge Trahan signed an order dissolving the TRO.

On December 9, 2014, Hewitt filed a Petition for Emergency Supervisory Writs with this court contending the Order signed by Judge Trahan dissolving the TRO was improper. On that same day, this court granted the writ, stating as follows:

> **WRIT GRANTED AND MADE PEREMPTORY.** The temporary restraining order issued in favor of Uletom Hewitt enjoining the Lafayette Municipal Fire and Police Civil Service Board from proceeding with the hearings set for December 10, 2014, is hereby reinstated since the order dissolving it was issued ex parte in violation of La.Code Civ.P. art. 3607. The matter is remanded for the hearing scheduled for December 15, 2014.

Accordingly, the TRO was reinstated, prohibiting the Board from proceeding with the December 10, 2015 hearing.[1]

---

[1] On December 15, 2014, on motion of counsel for Hewitt, and with the consent of the City and Board, the TRO was dissolved as moot.

The City, believing that this court's reinstatement of the TRO for lack of hearing on the dissolution did not negate the impropriety of Hewitt's TRO, filed a request for costs and attorney fees on December 11, 2015. A motion to set the hearing on the demand for costs and attorney fees was filed on January 6, 2015, and a memorandum in support was filed on January 12, 2015. On February 19, 2015, the Board also filed a memorandum supporting the claim for costs and attorney fees. On February 23, 2015, Hewitt filed a memorandum in opposition to the City's claim for costs and attorney fees. The City's demand for costs and attorney fees was heard on March 2, 2015.

At the hearing, the trial judge found Hewitt's counsel failed to provide notice of the TRO as required, and awarded the City costs of $50.65 and attorney fees of $3,500, which was approximately half what the City claimed.

On March 3, 2015, the Board separately filed its own demand for costs and attorney fees. An Order was signed that day setting the demand for hearing on April 13, 2015. As scheduled, the Board's demand was heard on April 13, 2015, and a judgment was rendered awarding the Board $2,500.00 in attorney fees.

Officer Hewitt appeals both the judgment in favor of the City and the judgment in favor of the Board. These appeals have been consolidated. Hewitt asserts the trial court erred in awarding costs and attorneys' fees as the TRO was properly issued because he had a right to protect his property and due process rights.

## ANALYSIS

Louisiana Code of Civil Procedure article 3608, which allows for damages for the wrongful issuance of a TRO, states:

> The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be include as an element of

damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.

The article provides that the attorney fees which may be recovered are for those services rendered only in connection with the dissolution of the TRO. In this case, the trial court made very plain its decision to award attorney fees in this instance was due to a failure to give notice of the filing of the TRO. This would seem specifically to apply to Hewitt's actions in filing for the TRO with Judge Trahan on Friday, December 5, 2014, without the City and Board present.[2] It does appear from the record that the TRO was presented to Judge Trahan without opposing counsel present. This "lack of notice" was the basis for the City and Board's claim for attorney fees and costs. Counsel for the City plainly stated at the hearing (emphasis added): "We weren't given a heads up. And for that reason, *and that reason alone*, it was improper." Although they claim they were given no "heads up," counsel for both the City and Board acknowledged, in speaking with counsel for Hewitt within twenty-four hours of the filing of the TRO, they were informed a TRO might be filed by Hewitt. Thus, they were given a "heads up," and were notified immediately upon the TRO being made effective when the bond was posted.

Interestingly, given that the basis for the City's and Board's request for attorney fees was based on a lack of notice that did not allow them to oppose the TRO, the City and Board presented its petition for dissolution of the TRO to Judge Trahan without giving Hewitt the opportunity to oppose. We noted this fact in our writ review, and reinstated the TRO, noting "the order dissolving [the TRO] was

---

[2] The City and Board both take great exception to the fact there was an approximate three-day delay between the signing of the TRO and notification to the City and Board. It was explained by Hewitt's counsel, that after Judge Trahan signed the TRO, in order to become effective, a $5,000.00 bond was required. The bond was obtained on the afternoon of December 5, 2014 in New Orleans (where counsel for Hewitt was), but had to be sent via Federal Express to Lafayette. It arrived on Monday, December 8, 2014, at which point the bond became effective and the City and Board were notified by Hewitt's counsel. We find Hewitt's explanation reasonable in this case, as the delay was three days only because it fell on a weekend. Regardless of the reasonableness of the delay, we are unclear as to what tangible effect it has on this case, as any damages allowed under La.Code Civ.P. art. 3608 can only be for attorney fees incurred "in connection with the dissolution" of the TRO. Thus, whether the City and Board were notified on Friday, December 5, 2014 or Monday, December 8, 2014, had no bearing on any attorney fees incurred in connection with the dissolution of the TRO, as none could be incurred until they were aware of the TRO.

issued ex parte[.]" The City and Board sought, and were granted, attorney fees and costs for the same alleged misbehavior which they themselves perpetrated at the motion to dissolve the TRO.

First and foremost, it is clear from the record that the City and Board were unsuccessful in dissolving the TRO. This court reversed Judge Trahan's dissolution and reinstated the TRO. The TRO was dissolved on December 15, 2014 *by motion of counsel for Hewitt and with the consent of both the City and Board*.

We find that the Defendants' argument that our reinstatement of the TRO for lack of notice on the dissolution does not negate the impropriety of Hewitt's initial TRO is unpersuasive. It simply ignores the fact that the TRO was not dissolved on the ground alleged by the City and Board, but was dissolved only after motion of Hewitt's counsel and agreement of the City and Board.

Second, our review of the record does not support the City's and Board's argument that Hewitt was not entitled to the TRO. Hewitt filed a Writ of Mandamus to force the Board to hear his appeals because it refused to do so due to the pendency of a federal lawsuit to which the Board *was not a party*. This court ordered the Board to hear the appeals. *Hewitt*, 139 So.3d 1213. Less than a week before the hearing date, after speaking with the Board's secretary and counsel, Hewitt became aware he would have to serve the subpoenas himself and that he would have to state with specificity the expected testimony of each witness or they would not be allowed to testify. Hewitt maintained these conditions had never previously been required by the Board. In brief, the Board only states that its rules "simply provide for the *issuance* of subpoenas by the Board and do not address *service* of such subpoenas by the Board. (emphasis added)." However, at the hearing, when counsel for Hewitt stated the Board had always assumed the responsibility of serving subpoenas, there was no assertion to the contrary by the

Board. Further, it is clear the Board's rules do not state that service of subpoenas is the responsibility of the appellant. There also is nothing in the Board's rules mandating that the content of witness' testimony must be specified prior to the hearing.

Although Hewitt retained a process server, he became increasingly concerned that he would not be able to serve the subpoenas in a timely manner prior to the hearing. Combining that with the possibility certain testimony could be excluded due to the Board's vague witness testimony specificity requirement, counsel for Hewitt believed a TRO was necessary to protect his client's right to his appeal. We find reasonable grounds existed at the time supporting Hewitt's right to seek and obtain a TRO.

This court in *Cromwell v. Commerce & Energy Bank of Lafayette*, 528 So.2d 759, 762 (La.App. 3 Cir. 1988), stated that injunctive relief is only "wrongfully issued" when it "has been issued when it should not have been, because the plaintiffs had no right to it." That is not the case here. Therefore, we find the City and Board are not entitled to costs and attorney fees in this matter.

Although the issue is rendered moot by our decision to reverse the trial court's judgment awarding attorney fees to the Board, we find it particularly troublesome that the body (the Board) charged with rendering an adjudication on Hewitt's appeals, advanced the present claim for attorney fees. We are unable to find any legal basis for awarding attorney fees under such circumstances. The Board in this case is an administrative tribunal granted special adjudicatory power subject to the supervisory authority of this court and the Louisiana Supreme Court. Unlike the City, the Board should not assume the role of a party litigant or adversary while performing its adjudicatory function.

## DECREE

For the foregoing reasons, the judgment of the trial court awarding costs and attorney fees to Lafayette City-Parish Consolidated Government is reversed. Similarly, the judgment awarding attorney fees to the Lafayette Municipal Fire and Police Civil Service Board is reversed. All costs of these appeals are assessed one half to Lafayette City-Parish Consolidated Government and one-half to the Lafayette Municipal Fire and Police Civil Service Board.

**REVERSED.**

NUMBER 15-595 c/w 15-596

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

ULETOM HEWITT

VERSUS

LAFAYETTE MUNICIPAL FIRE & POLICE
CIVIL SERVICE BOARD, ET AL.

AMY, J., dissenting.

I respectfully dissent from the majority review as I find that an affirmation is appropriate. Certainly, the requirements for the issuance of a temporary restraining order without notice were not met in this case. *See* La.Code Civ.P. art. 3603(A). Moreover, I do not conclude that any type of actual notice the defendants may have received at the time the bond was perfected satisfied the notice requirement. Simply, and as evidenced by Article 3603(A), the notice requirement stems from the adverse party's opportunity to be heard before the issuance of the order.

Furthermore, I do not find that La.Code Civ.P. art. 3608 permits an award of attorney fees incurred only for the dissolution of a temporary restraining order. Rather, Article 3608 broadly permits "damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand." Thereafter, it instructs that "[a]ttorney's fees for the services rendered in connection with the dissolution of a restraining order . . . may be included *as an element of damages* . . . . ." In my opinion, the fact that the TRO was ultimately dissolved upon the parties' joint motion is not dispositive. Rather, the TRO was obtained contrary to the notice requirements of La.Code Civ.P. art. 3603(A), resulted in the defendants being subject to that order, and prompted the defendants to incur attorney fees to challenge the TRO before its expiration and/or

before the TRO was dissolved by joint motion. Thus, in my opinion, the trial court did not abuse its discretion in awarding costs and associated attorney fees.

For these reasons, I respectfully dissent.